## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:05-CV-395-MKR-DCK

| | | |
|---|---|---|
| CAROTEK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TEXTRON FASTENING SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motions Pursuant To (i) Rule 37(c) To Preclude Use Of Information And Witnesses Not Properly Disclosed And (ii) Rule 56 For Summary Judgment." (Document No. 31) and "Memorandum In Support..." (Document No. 32), filed December 5, 2007; "Defendant's Response To Plaintiff's Rule 37(c) Motion To Preclude..." (Document No. 39), filed December 21, 2007; and "Plaintiff's Reply To Defendant's Response ..." (Document No. 41), filed January 3, 2008. These documents address motions brought pursuant to Federal Rules Of Civil Procedure 37(c) and 56; this Order will only address Plaintiff's motion to preclude pursuant to Rule 37(c). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for review.

Having carefully considered the arguments, the record, and the applicable authority, the undersigned will deny Plaintiff's motion.

## I. BACKGROUND

On or about April 5, 2002, Carotek, Inc. ("Plaintiff") and Textron Fastening Systems, Inc. ("Defendant") entered into a contract for Plaintiff to design and build for Defendant an automated

system to manufacture aluminum pallets (the "System"). (Document No. 1 at ¶ 3). Defendant was to supply certain types of drilling and riveting machines to include in the System, and the System was to use aluminum pieces formed in accordance with specifications provided by Defendant. Id. at ¶ 4-5. The aluminum pieces were to be formed and provided by a Minnesota company, BTD Manufacturing ("BTD"), which had contracted with Defendant for the System and to whom it was ultimately to be delivered. Id. at ¶ 6. The project ran into complications and delays that were purportedly resolved by a "Settlement Agreement" between Plaintiff, Defendant and BTD on December 22, 2003. Id. at ¶ 8-18. Nevertheless, on June 22, 2004, Defendant instructed Plaintiff to stop work on the project. Id. at ¶ 18.

Plaintiff filed its "Complaint" (Document No. 1) in this action on August 16, 2005 in the Superior Court of Mecklenburg County, North Carolina. Plaintiff's Complaint seeks: payment owed by Defendant pursuant to the Settlement Agreement; damages resulting from Defendant's alleged breach of contract; attorneys fees and damages as a result of alleged unfair and deceptive trade practices; and declaratory judgment on the issue of Plaintiff's alleged obligation to defend Defendant and to hold it harmless, in a related Minnesota lawsuit with BTD. Id. at ¶ 19-32.

Defendant removed to this Court on September 14, 2005. (Document No. 1). Defendant filed an "Answer And Counterclaims" (Document No. 15) on November 28, 2006 asserting claims for breach of contract, breach of warranty, and contractual indemnification against Plaintiff.

A "Pretrial Order And Case Management Plan" (Document No. 18), filed February 14, 2007 set the following deadlines: Rule 26 Disclosures - March 21, 2007; Discovery Completion - September 21, 2007; Motions Deadline - October 22, 2007; and Mediation - May 1, 2007. The Discovery and Dispositive Motions deadlines were later extended to November 5, 2007 and

December 6, 2007, respectively. (Document No. 24). Mediation was held on September 6, 2007, and the parties reached an impasse. (Document No. 29).

On December 5, 2007, Plaintiff filed the underlying motions to preclude under Rule 37(c) and for summary judgment. (Document No. 31). On December 6, 2007, Defendant filed its own motion for partial summary judgment. (Document No. 33). By this Order, the undersigned will address the Plaintiff's motion to preclude; the cross motions for summary judgment will be considered by the Court at a later time.

## II. STANDARD OF REVIEW

On the issue of a motion to preclude, Federal Rule of Civil Procedure 37(c) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed.R.Civ.P. 37(c)(1).

The Fourth Circuit has offered the following guidance on considering a motion brought under Rule 37(c):

> The language of Rule 37(c)(1) provides two exceptions to the general rule excluding evidence that a party seeks to offer but has failed to properly disclose: (1) when the failure to disclose is "substantial[ly] justifi[ed]," and (2) when the nondisclosure is "harmless." . . . While Rule 37(c)(1) requires the nondisclosure to be "without substantial justification" and harmful, neither of these requirements suggests that the nondisclosing party must act in bad faith or otherwise culpably.

> . . . We therefore hold that in exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

Southern States Rack And Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596-97 (4th Cir. 2003).

### III. DISCUSSION

Plaintiff contends that Defendant should be precluded from using witnesses and information which were not properly disclosed in accordance with Fed.R.Civ.P. 26(a)(1) and the "Pretrial Order And Case Management Plan" (Document No. 18). Defendant responds that insufficiencies or shortcomings, if any, in its disclosures and supplements, were substantially justified or harmless pursuant to application of the Southern States v. Sherwin-Williams Co. factors above.

Both the "Certification And Report Of Initial Attorney's Conference" (Document No 17), filed January 25, 2007 and the "...Case Management Plan" (Document No. 18) reflect the parties agreement to exchange initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) on or before March 21, 2007. Defendant contends that "at the Initial Attorney's Conference on January 18, 2007, the attorneys recognized that much discovery had already been conducted ... and each side already possessed many of the documents at issue, and the sides therefore agreed to produce lists of documents in their possession from which specific documents could then be requested." (Document No. 39 at 14).

It is not disputed that on February 8, 2007, Defendant provided Plaintiff with a letter which

it claimed to "explain what materials have been previously provided to you and to serve as [Defendant's] Rule 26 disclosures in the above case." (Document No. 39-4 at 28-29). Plaintiff takes issue with the fact that following the February 8, 2007 letter it requested the listed materials that it had not previously been provided, but did not receive those materials until September 27, 2007. (Document No. 32 at 2). Defendant contends that this failure was due to "an honest mistake" and that it acted promptly to provide the requested documents once the mistake was realized. (Document No. 39 at 10).

Defendant also notes that it provided supplemental Rule 26(a)(1) disclosures on September 21, 2007 and October 8, 2007 - the latter occasion being one month prior to the November 5, 2007 discovery deadline. Neither party requested a further extension of the discovery deadline. Fed.R.Civ.P. 26(e)(1) allows a party to supplement or correct disclosures in a timely manner.

Plaintiff argues that even the supplemental disclosures failed to discuss or disclose Defendant's computation for the damages sought in its counterclaim and still fail to identify witnesses or documents consistent with the provisions of Rule 26(a)(1)(A). (Document No. 32 at 8).

Under these circumstances, the undersigned must determine whether Defendant's purported failures were substantially justified or harmless. Fed.R.Civ.P. 37(c). According to Fourth Circuit precedent, "a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. Southern States Rack And Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596-97 (4th Cir. 2003).

In sum, the undersigned finds that application of these factors favors Defendant's position. First, if Plaintiff was surprised here, that surprise was minimal and largely curable. Defendant and BTD were involved in a lawsuit in Minnesota related to the same underlying dispute in this action and although Plaintiff was not a party to that suit, Defendant makes a persuasive argument that Plaintiff was aware of the suit and that much of the information and documents applicable to this case were at its disposal. To the extent Plaintiff was unaware or surprised, it could have availed itself of discovery mechanisms to cure that surprise in a more timely fashion.

Next, the undersigned finds there is little or no chance of the trial of this matter being disrupted since this matter has not yet been calendared for trial.

As to the importance of the evidence, the undersigned agrees with Defendant's position that the evidence Plaintiff seeks to strike is important and if the motion is allowed Defendant's ability to prove its counterclaims could be crippled.

Considering the final factor, the nondisclosing party's explanation for failure to disclose the evidence, Defendant's failures, if any, are regrettable but understandable. Defendant makes a compelling argument that Plaintiff was not a stranger to the controversy surrounding the System and was in fact an active participant in the BTD litigation. Furthermore, Plaintiff does not refute that the parties in the Initial Attorney's Conference acknowledged an overlap in discovery in the two cases and the prior possession by the parties of some key documents. Based on Defendant's unrefuted portrayal of the Initial Attorney's Conference, Defendant has a reasonable explanation for its failure to make as comprehensive disclosures as it might under different circumstances. Defendant, in hindsight, may have relied too heavily on information from the litigation with BTD in Minnesota; Defendant claims that three of Plaintiff's employees were deposed in the Minnesota action

"regarding the same facts, participants, and circumstances that make up the instant case" and that Defendant provided Plaintiff's counsel substantial documentation from the Minnesota proceeding. (Document No. 39 at 12-13). However, once Plaintiff identified deficiencies in the initial and supplemental disclosures, it is not clear to the undersigned why both parties were not more active in correcting those alleged deficiencies.

Assuming there were deficiencies in Defendant's disclosures, such as incomplete identification of witnesses, the undersigned finds the preclusion requested to be an overly draconian sanction. The undersigned observes, as pointed out by Defendant, that Plaintiff never filed a motion to compel, nor is there any indication that Plaintiff "conferred or attempted to confer and ... attempted in good faith to resolve areas of disagreement..." as required by the Local Rules of this district. See Local Rule 7.1(B). As Defendant aptly puts it, "Carotek was decidedly inactive in developing the case." (Document No. 39 at 8). Under similar circumstances, a district court in Alabama opined:

> the moving party cannot sleep on its rights; it may not wait until the summary judgment stage to object to the use of materials that it has made no prior reasonable efforts to obtain. ... In this case, Plaintiffs have failed to act reasonably, because they elected not to file any motion to compel disclosure at any point in the six months that this case has been pending. Surely, Plaintiffs' counsel had reason to believe that there was some body of information that should have been disclosed initially. Counsel, therefore, should have taken steps to attempt to receive the same. ... Thus, the court finds that Defendant's failure to disclose constitutes an unjustifiable lapse in judgment but was harmless.

Cash v. State Farm Fire & Cas.Co., 125 F.Supp. 2d 474, 477 (M.D. Ala. 2000).

Likewise in this case, if Defendant failed to make sufficient disclosures, applying the factors above, such failures were substantially justified or harmless. Based on the foregoing analysis and

precedents, the undersigned will deny the motion to preclude.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion "...Pursuant To (i) Rule 37(c) To Preclude Use Of Information And Witnesses Not Properly Disclosed..."(Document No. 31) is **DENIED** as to part (i) only; no decision has been reached as to part (ii) of the motion.

Signed: April 16, 2008

David C. Keesler
United States Magistrate Judge